(Reap. Dec. 9754)

MARSHALL FIELD & COMPANY v. UNITED STATES

Entry No. 11020, etc.

(Decided July 26, 1960)

*Wallace & Schwartz* (*Joseph Schwartz* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

MOLLISON, Judge: The difference between the entered and appraised values in the case of the merchandise covered by the appeals for reappraisement, enumerated in the attached schedule, appears to be an item of 10 per centum, denominated on the invoices as a "buying commission," which was deducted on entry by the importer and added back on appraisement by the appraiser.

When the cases were called for trial, counsel for the parties stipulated in open court—

* * * that at the time of exportation of the merchandise covered by the invoices in question, the export value as defined in section 402(d), Tariff Act of 1930, was the invoiced unit prices, less 2%, plus packing, as invoiced. * * * And that there was no higher foreign value, as defined in said Act. * * * And, also, that the issues are similar in all material respects to those in the case of United States vs. Nelson Bead, 42 CCPA, 175, CAD 590.

The record in the cited case was incorporated as part of the record in the case at bar.

On the agreed facts, I find export value, as defined in section 402(d), Tariff Act of 1930, to be the proper basis for the determination of the value of the jewelry items at bar, and that such value in each case was the invoiced unit prices, less 2 per centum, plus packing, as invoiced.

Judgment will issue accordingly.